LEO OPPENHEIMER, as Executor, etc., of JULIUS THALHEIM, Deceased, Plaintiff, *v.* BAKER & WILLIAMS and Another, Defendants, Impleaded with SUSQUEHANNA SILK MILLS OF NEW YORK, Respondent, and GLOBE & RUTGERS FIRE INSURANCE COMPANY, INC., Appellant.

First Department, December 28, 1928.

*Martin A. Schenck* of counsel [*Murray C. Bernays* with him on the brief; *Davies, Auerbach & Cornell*, attorneys], for the appellant, Globe & Rutgers Fire Insurance Company, Inc

*Bernard Hershkopf* of counsel [*I. Gainsburg* and *Joseph P. Segal* with him on the brief; *I. Gainsburg*, attorney], for the respondent Susquehanna Silk Mills of New York.

FINCH, J.   This appeal involves the ascertainment of the intention of the parties as expressed in a policy insuring against theft. A recovery by the assured upon this record cannot stand.   Where it appears as a part of the assured's case that a portion of the stolen goods have been recovered within a reasonable time, the burden is on the assured to show the actual loss, unless the policy provides otherwise.   Compensation for legal services in salvaging part of the goods is not recoverable under the wording of this form of policy.   The Globe & Rutgers Fire Insurance Company, Inc., is the defendant, appellant, and appeals from a judgment against it on a counterclaim of Susquehanna Silk Mills based upon such policy, after a trial before the court without a jury.   One Thalheim, the original plaintiff, brought a replevin action against a warehouse

to recover certain silk on storage. Defendant Susquehanna Mills claimed ownership of these goods as a part of a larger quantity stolen from it. The warehouse interpleaded claimant Susquehanna Mills. The latter set up a counterclaim in its answer against the plaintiff for damages for the detention of the goods and, as alternative relief, asked recovery against the Globe & Rutgers Fire Insurance Company, Inc., on the insurance policy for the value of all the goods stolen. At the trial it appeared that 102 pieces of the stolen goods were recovered by the respondent about a month after the robbery and two weeks after the filing of proofs of loss. Subsequently, and before the time of the trial, apparently more of the stolen goods were recovered by the respondent. The court, however, allowed the Susquehanna Mills to recover against the insurance company on the theory of a total loss under the policy, the value of all of the goods involved in the theft. It refused to require the assured to prove the actual extent of its loss and refused to receive evidence brought forward by the insurer as to the value of the goods recovered. In so doing, the court ignored the indemnity feature running through this class of insurance. In the absence of an express intention to the contrary, a policy insuring against theft is based upon the principle of indemnifying the assured for the loss sustained by him. If within a reasonable time the insured recovers the property, it cannot be said that the insured is damaged the full amount of the original loss. The respondent should have been limited to a recovery of its actual loss. As was said by Judge KELLOGG, in *McAnarney* v. *Newark Fire Ins. Co.* (247 N. Y. 176): " Indemnity is the basis and foundation of all insurance law." Of course, it may well be, where goods are not recovered within a reasonable time of the theft, that then the assured may be entitled to recover the value of the goods stolen. The insurer should have been allowed to submit evidence in support of its contention that within a reasonable time certain of the goods were restored to the assured and to show the value of such goods, to the end that the loss of the assured may have been shown to have been less than the full value of the goods stolen. Also, where it appears as a part of the assured's case that some of the goods stolen have been recovered within a reasonable time, then the burden is on the assured to show the extent of its damage unless the policy provides otherwise.

The court also allowed the Susquehanna Mills to recover against the insurance company a counsel fee of $10,000, for the services of their attorney in the action in connection with the recovery of certain of the stolen goods and including services rendered in preparing the case for trial against the insurance company, and also the premium of a bond given as a condition of securing the delivery

to the plaintiff of certain of the stolen property. This was error. The policy cast upon the insured the duty of endeavoring to recover the property, and of safeguarding the same. The clause in the policy is as follows: " In the event of loss, damage, detriment or hurt to said merchandise, caused by the perils insured against, it shall be the duty of the assured to use all lawful and proper efforts for the safeguard and recovery of the property, without prejudice to this insurance, and it is mutually agreed that the acts of either party, or their agents, in securing, preserving or recovering the property insured, shall not be considered or held to be either a waiver or acceptance of an abandonment."

The assured seeks to liken the above clause to that of a sue and labor clause in a marine policy, claiming that since the recovery of the property was for the benefit of the insurance company, to whom it had been abandoned, the expense of such recovery, in the absence of an express provision to the contrary, would be naturally upon the insurance company. In the first place, the respondent erroneously assumes the passing of ownership of the stolen property to the defendant. A mere gesture of abandonment of such property on the part of the insured in the absence of an acceptance by the insurer, is insufficient to vest in the latter the title to the stolen goods. Moreover, it is to be noted that the policy itself, in the clause above quoted, expressly provides that the acts of either party in connection with the recovery of the property insured shall not be deemed either a waiver or acceptance of an abandonment; thus leaving the question of ownership of the lost or insured property to be determined upon all the facts of the case. In the second place, assuming the so-called " sue and labor " clause to have the same force and effect as such provision in a marine policy, it is well settled that the expense of complying with the duty cast by the policy upon the insured to preserve the property, is not an expense to be borne or contributed to by the insurer in the absence of an express undertaking by it to that effect. The law in this regard is as stated in 38 Corpus Juris, 1134, as follows: " Where the usual sue and labor clause omits the customary undertaking by insurer to contribute to the expense incurred for the preservation of the property, no such undertaking can be implied in the absence of any custom or usage to that effect." (See, also, *American Merchant Marine Ins. Co.* v. *Liberty S. & G. Co.*, 282 Fed. 514.)

In the case at bar there was no provision in the policy requiring the insurer to bear or to contribute to the expenses of salvage, recovery or preservation of the property, and no custom or usage was proved whereunder the insurer was obligated to bear such expenses.

It, therefore, follows that the judgment so far as appealed from should be reversed and a new trial granted, with costs to the appellant to abide the event.

DOWLING, P. J., McAVOY and MARTIN, JJ., concur; O'MALLEY, J., dissents.

Judgment so far as appealed from reversed and a new trial ordered, with costs to the appellant to abide the event. Settle order on notice.