696

■ Robert Brzozowski, Respondent, v Allstate Insurance Company, Appellant, and Allbest Insurance Agency AIA Assoc., Defendant and Third-Party Plaintiff. Mario Mosteirin & Bender Insurance Agency, Third-Party Defendant. [747 NYS2d 538]

The plaintiff leased a vehicle and obtained automobile insurance, including theft coverage, from the appellant. The vehicle was allegedly stolen, but the appellant disclaimed coverage on grounds which are not relevant to this appeal. The plaintiff then commenced this action, among other things, to recover on the policy. The vehicle was ultimately recovered nearly two years after the alleged theft. The appellant subsequently moved for summary judgment dismissing the complaint insofar as asserted against it, contending that it had no liability under the terms of the policy because the vehicle was recovered with minimal damage.

The Supreme Court properly concluded that the appellant did not establish its entitlement to judgment as a matter of law. If it is ultimately determined that the appellant breached the contract of insurance by improperly disclaiming coverage, the appellant may be liable under the policy for the plaintiff's loss because the vehicle was not recovered within a reasonable time after the alleged theft (see Oppenheimer v Baker & Williams, 225 App Div 58, 60). Consequently, the appellant's motion was properly denied. Altman, J.P., Goldstein, H. Miller and Rivera, JJ., concur.